MARÍA HORNES, Plaintiff and Appellee, *v.* JUAN ANGEL GIUSTI, Defendant and Appellant.

No. 6933.   Argued February 12, 1935.—Decided March 15, 1935.

*L. Feliú* and *Edelmiro Martínez Rivera* for appellant.   *Dubón & Ochoteco* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On August 9, 1934, María Hornes filed, in the District Court of San Juan, a complaint against her husband Juan Angel Giusti, praying for an award of maintenance amounting to seventy-five dollars a month, and presented also a petition for a like award as temporary maintenance pending a final determination of the main suit.

The complaint was served on the defendant in accordance with the provisions of the Code of Civil Procedure, and the petition for temporary maintenance was dealt with in accordance with the rules provided for actions of unlawful detainer. The defendant answered the complaint. The first appearance was had. On October 11, 1934, the evidence of both parties was taken—second appearance and hearing of

the case on its merits—and thereafter both proceedings were merged into one. On November 10 following, the court rendered judgment in the following terms: "the defendant is adjudged to pay to the plaintiff as maintenance the sum of $75, the first payment to be made during the first five days of December next, and succeeding payments during the first five days of each month. As to the maintenance accrued since the filing of the complaint, from August 9, 1934, to the present time, such a proportionate amount shall be paid at the rate of $75 per month."

The judgment was notified to the defendant on November 15, 1934, and he took an appeal therefrom on November 20. On the 7th of the following December, he deposited with the clerk of the court $375 to pay maintenance as from August 9, 1934, and thereafter on February 4, 1935, he deposited $75 additional. The appeal taken was perfected by filing in this court on February 6 last the judgment roll and the transcript of the evidence.

In this situation, the appellee has moved that the appeal be dismissed upon the ground that the appellant has failed to pay in advance the monthly instalments ordered to be paid for maintenance, and has not deposited the amount thereof in the district court, thus failing to comply with the provisions of section 634 of the Code of Civil Procedure, 1933 ed., which failure, according to the appellee, carries with it the loss of the appeal.

The appellant has opposed the dismissal, and contends that the action is not governed by the procedure provided for actions of unlawful detainer; that the deposits which he has made with the clerk of the trial court have been solely to prevent a conviction of contempt; that the appeal has been perfected, and that in it he will raise several important questions which he mentions; and that the appeal taken has produced the effect of suspending the execution of the judgment appealed from.

The question thus raised is a new one. Section 84 of the Special Legal Proceedings Act of 1905, now section 618 of the Code of Civil Procedure, 1933 ed., provides:·

"All claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. An appeal lies against a judgment rendered in this class of actions. But such appeals shall not be an obstacle to the execution of the judgment."

Here the plaintiff herself has departed from the rule and brought an ordinary action. It was within the action that she asked, by motion, for temporary maintenance. Then the facts prevailed and all of the demands were merged into a single claim, which gave rise to a situation similar to that presented in the case of *Sacarello* v. *Rubio*, 44 P.R.R. 860, 863, wherein this court said:

"We know what has happened. A complaint was filed to which the defendant demurred, thus submitting himself to the jurisdiction of the court. An ordinary action had been brought, but before the case came up for trial, it was proceeded with according to the procedure for unlawful detainer, a first hearing having been set at which both parties appeared and presented their evidence.

"In our opinion no error was committed. What the parties and the court did was to adapt the proceedings to the provisions of section 84 (Title VII, First and only Chapter—Temporary Maintenance) of the Act of Special Legal Proceedings of 1905, to wit: 'All claims for temporary maintenance shall be governed by the procedure for actions of unlawful detainer.'

"The fact that the case was entitled 'Permanent Maintenance' makes no difference. The title does not change the nature of a thing; and the nature of an award for maintenance is always provisional and transitory for as long as the situation that impelled the court to grant it shall exist."

We may, then, proceed upon the assumption that we have before us a claim for maintenance finally prosecuted in accordance with the procedure provided for actions of unlawful detainer. And the appellee maintains that this being so, the

procedure governing the appeal is that provided by section 12 of the said act, re-enacted as section 631 of the Code of Civil Procedure, 1933 ed., which reads as follows:

"Whenever an action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

There is no doubt whatever that if section 631 were applicable, the appeal would have to be dismissed, since the deposit of the award for maintenance was made out of term. But in our judgment this is not so.

If we fix our attention on the provisions of section 84 of the Special Legal Proceedings Act, we find that it covers two points. In the first place, it provides that all claims for maintenance shall be governed by the procedure provided for actions of unlawful detainer. In the second place, it authorizes an appeal but provides that such appeal shall not be an obstacle to the execution of the judgment. It is in the court of primary jurisdiction (*primera instancia*) that the rules of unlawful detainer govern. An appeal is expressly authorized, subject to a special condition, that it shall not be an obstacle to the execution of the judgment appealed from. When the Legislature fixed the rules contained in section 12 of the Unlawful Detainer Act, its attention was focused on cases of unlawful detainer. When it took up cases of maintenance, it thought that the speedy procedure for actions of unlawful detainer could be made applicable to them and it so provided, but it ordained something special with respect

to appeals. If its intention had been that the provisions of the Unlawful Detainer Act respecting appeals (*segunda instancia*) should be similarly applicable to such cases, it would have said nothing with regard to appeals.

The provisions of section 84 of the act (section 618 of the Code), viewed as a whole, show that the Legislature took well into account how urgent are questions relating to maintenance. It guaranteed a speedy procedure for hearing them in the court of primary jurisdiction, and, while permitting an appeal from the determination of such questions, it expressly provided that the appeal should not be an obstacle to the execution of the judgment. The latter can and ought to be enforced notwithstanding the appeal. The award granted ought to be paid immediately, and the court has the power to punish for contempt the party bound thereby, if he refuses voluntarily and obstinately to do so. *Villa* v. *District Court*, 45 P.R.R. 852.

The parties have not cited, nor have we been able to find, any case from this jurisdiction definitely deciding the question now raised, but it seems advisable to refer to the case of *Puigdollers* v. *Monroig*, 14 P.R.R. 756, in which this court, speaking through Mr. Justice Wolf, said:

"Section 84 of the law of special proceedings of March 9, 1905, provides that all claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. We take this to mean that such an action in its initiation and presentation of proof should follow as closely as possible the rules laid down in the action of unlawful detainer, and to the other things provided in sections six and seven of the act with respect to unlawful detainer. (Laws of Porto Rico, 1905, p. 184.)"

The motion to dismiss must be denied.